UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

USDS SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 6/16/08

IVY WILLIAMS,

           Plaintiff,

-v-

NYCHA AND HUD,

           Defendants.

No. 07 Civ. 7587 (RJS)

ORDER

RICHARD J. SULLIVAN, District Judge:

    Plaintiff Ivy Williams, proceeding *pro se*, seeks a preliminary injunction and a temporary restraining order 1) enjoining the defendants from harassing her by initiating a civil court action; and 2) requiring defendants to remove dead rats from the grounds of her apartment building. (*See* Affidavit of Ivy Williams, dated April 17, 2008.) Defendants have responded by letter briefs dated May 2, 2008 and May 5, 2008, in opposition to the motion for a preliminary injunction. (*See* HUD Letter Brief of May 2, 2008; NYCHA Letter Brief of May 5, 2008.) Defendants further seek leave to file a motion to dismiss the Complaint. For the following reasons, plaintiff's motion is denied and defendants' request is granted.

I.    LEGAL STANDARD

    Because plaintiff is proceeding *pro se*, the Court must liberally construe her pleadings, and must "interpret them 'to raise the strongest arguments that they suggest.'" *See McPherson v. Coombe*, 174 F.3d 276, 280 (2d Cir. 1999) (quoting *Burgos v. Hopkins*, 14 F.3d 787, 790 (2d Cir. 1994)). "The policy of liberally construing *pro se* submissions is driven by the understanding that '[i]mplicit in the right to self-representation is an obligation on the part of the court to make

reasonable allowances to protect pro se litigants from inadvertent forfeiture of important rights because of their lack of legal training.'" *Abbas v. Dixon*, 480 F.3d 636, 639 (2d Cir. 2007) (quoting *Traguth v. Zuck*, 710 F.2d 90, 95 (2d Cir. 1983)).

In order to obtain injunctive relief, plaintiff must show the following: "(1) that [she] will be irreparably harmed in the absence of an injunction, and (2) either (a) a likelihood of success on the merits or (b) sufficiently serious questions going to the merits of the case to make it a fair ground for litigation, and a balance of hardships tipping decidedly in [her] favor." *MONY Group, Inc. v. Highfields Capital Management, L.P.*, 368 F.3d 138, 143 (2d Cir. 2004); *Tom Doherty Assoc., Inc. v. Saban Entm't, Inc.*, 60 F.3d 27, 33-34 (2d Cir. 1995); *see also Gardner v. Weisman*, No. 06 Civ. 5998 (WHP), 2006 U.S. Dist. LEXIS 62248, 2006 WL 2423376, at *1 (S.D.N.Y. Aug. 21, 2006) (reciting these same requirements for obtaining a temporary restraining order).

## II. DISCUSSION

Construing plaintiff's affidavit liberally, the Court finds that plaintiff first seeks an order enjoining defendants from continuing to pursue ongoing eviction proceedings against her in the Civil Court of the City of New York, Housing Part, County of New York. (*See* NYCHA Letter, Ex. H (Notice of Petition for Judgment of Eviction in the Civil Court of the City of New York, Housing Part.)) Under the Anti-Injunction Act, 28 U.S.C. § 2283, this Court is precluded from granting plaintiff the relief she seeks. That statute bars federal courts from granting "an injunction to stay proceedings in a State court except as expressly authorized by Act of Congress, or where necessary in aid of its jurisdiction, or to protect or effectuate its judgments." The Anti-Injunction Act is an "absolute prohibition against any injunction of any state-court proceedings, unless the injunction falls within one of the three specifically defined exceptions in the Act," which are to be narrowly

construed. *Vendo Co. v. Lektro-Vend Corp.*, 433 U.S. 623, 630 (1977); *see also Chick Kam Choo v. Exxon Corp.*, 486 U.S. 140, 146 (1988). Courts have routinely held that eviction proceedings do not raise any of the three exceptions to the Act. *See, e.g, Sierra v. City of New York*, 528 F. Supp. 2d 465, 469 (S.D.N.Y. 2008) (Anti-Injunction Act bars plaintiff's application for injunctive relief to stay Housing Court eviction proceedings, where underlying claim asserted Fair Housing Act violation and plaintiff could raise FHA as an affirmative defense to the eviction proceeding); *Armstrong v. Real Estate Int'l Ltd.*, No. 05 CV 5383 (SJ), 2006 U.S. Dist. LEXIS 7630, at *7 (E.D.N.Y. Feb. 14, 2006); *Camprubi-Soms v. Aranda*, No. 00 Civ. 9626 (DLC)(DF), 2001 U.S. Dist. LEXIS 11291, at *14 (S.D.N.Y. June 13, 2001).

Second, plaintiff seeks to enjoin defendants from harassing her. Although plaintiff has failed to specify what harassment she seeks to enjoin, it appears that she is seeking an injunction preventing defendants from harassing her through service of rent demands and communications related to the pending eviction action. (*See* NYCHA Letter, Ex. G (NYCHA Interview Record of March 26, 2008, summarizing plaintiff's complaint that NYCHA was harassing her by serving a written rent demand.)) However, plaintiff has failed to demonstrate that being served with rent demands and other communications related to the pending eviction action constitutes irreparable harm. Furthermore, because this Court does not have the power to enjoin the underlying state housing court proceedings, it clearly follows that the Court does not have the power to enjoin defendants from serving documents in connection with those proceedings.

Third, plaintiff alleges that as a result of rat poison placed on the grounds of her apartment building by exterminators, there are dead rats on the grounds that have not been picked up by building personnel. (*See* Affidavit of Ivy Williams, dated April 17, 2008; Pl.'s Proposed Order to

3

Show Cause for Preliminary Injunction and Temporary Restraining Order.) She thus seeks an order from this Court ordering defendants to remove dead rats from the grounds of her apartment building. Plaintiff appears to allege that as a result of the presence of the rats on the grounds of the building, she has sustained respiratory injuries. Medical records attached to plaintiff's motion indicate that she recently received medical treatment for, *inter alia*, blurry vision, and that she was prescribed an albuterol inhaler. (*See* Affidavit of Ivy Williams, dated April 17, 2008, and attached medical records.) However, the medical records do not show or even suggest that these conditions were related to the presence of dead rats on the grounds of her building, nor has plaintiff presented any other facts or evidence in support of her contention that her medical visits were related to the presence of the dead rats. Thus, plaintiff has failed to demonstrate the type of irreparable harm required for a preliminary injunction. *See Coca-Cola Co. v. Tropicana Prods., Inc.*, 690 F.2d 312, 316 (1982) (upon motion for preliminary injunction, "[t]he likelihood of injury and causation will not be presumed, but must be demonstrated in some manner").

More significantly, the harm alleged and the relief requested in plaintiff's preliminary injunction papers bear little relation to the statutory violations asserted in the underlying complaint. Indeed, while the presence of dead rats on the grounds of plaintiff's building may pose serious health risks that merit immediate attention from the New York City Health Department, among others (*see* New York City Department of Health and Mental Hygiene, Guide to Pest Control Services at http://www.nyc.gov/html/doh/html/pest/pest.shtml), plaintiff does not allege that the presence of dead rats in her building has been purposely directed at her or is in any way related to plaintiff's claims under the Fair Housing Act, Rehabilitation Act, or Americans With Disabilities Act. *See Diversified Mortgage Investors v. US Life Title Ins. Co.*, 544 F.2d 571, 576 (2d Cir. 1976) (reversing

4

grant of preliminary injunction because any irreparable harm was not causally related to the underlying claim); *Davidson v. Scully*, 914 F. Supp. 1011, 1016 (S.D.N.Y. 1996) (denying preliminary injunction where "plaintiff in fact has moved for an order unrelated to the merits of his underlying claims"); *Sugarhill Records Ltd. v. Motown Record Co.*, 570 F. Supp. 1217, 1220 (S.D.N.Y. 1983) (failure to prove causal relationship between defendants' conduct and any irreparable harm to plaintiff). In light of these facts, plaintiff's request that defendants be ordered to "remove dead rats" from the vicinity of her apartment building is not a proper subject for a federal preliminary injunction in this action and must be denied.

III.   CONCLUSION

For the reasons set forth above, plaintiff's motion for a temporary restraining order and a preliminary injunction is DENIED pursuant to Rule 52(a) of the Federal Rules of Civil Procedure.

In addition, defendants' request to file a motion to dismiss is hereby granted, and the Court adopts the following briefing schedule:

>    Defendants' motion to dismiss is due on June 30, 2008.
>
>    Plaintiff's opposition brief is due on July 31, 2008.
>
>    No reply brief is authorized.

Should plaintiff need assistance in preparing and filing her opposition brief, she may consult the Pro Se Office of this Court at 500 Pearl Street, Room 230, New York, New York 10007, telephone (212) 805-0175. Plaintiff is hereby reminded that failure to comply with these

5

deadlines may result in dismissal of the complaint pursuant to Rule 41 of the Federal Rules of

Civil Procedure.

SO ORDERED.

Dated: June 16, 2008
       New York, New York

RICHARD J. SULLIVAN
UNITED STATES DISTRICT JUDGE